Henry CLAY v. STATE of Arkansas

CR 77-113                                        556 S.W. 2d 137

Opinion delivered October 10, 1977
(Division I)

*Comer Boyett, Jr.,* of *Boyett & Morgan,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Clay, charged with attempted murder in the first degree, was found guilty and was sentenced to 15 years' imprisonment. We find no merit in his four arguments for reversal.

On the night of March 14, 1976, four men — the prosecuting witness Jeff William West, the defendant Henry Clay, and two others — were drinking moonshine whiskey in Horace Kirck's trailer. Both West and Clay were drunk. According to West, Clay made an unprovoked attack upon West, with his fists. In the course of the ensuing fight West knocked Clay down and, as West testified, "stomped on his head a little bit." West said that he moved away from Clay after Kirck intervened and broke up the fight. According to West, Clay then pulled a gun and shot West five times in rapid succession. Clay's version was that he shot West in self-defense, while he was lying on his back on the floor with West

astraddle of him and apparently about to stomp him to death. The jury evidently accepted West's version.

It is first argued that the court should have granted a continuance, because the sheriff had not been able to serve a subpoena upon a missing witness who would have testified that after the fracas West told him that "it was just a question of who got to who first, and Henry Clay beat him to it." The trial judge has a very broad discretion in granting or denying a request for a continuance. Here the trial had already been continued once, for what the trial judge regarded as a questionable reason. We find no abuse of discretion in the denial of a second continuance, because there was no showing of a diligent effort to find the witness, no showing of when the witness might be available if the continuance were granted, and no real reason to suppose that the expected testimony would influence the outcome of the case.

Citation of authority is not required to show that there is no merit in the argument that the State failed to show premeditation or deliberation, when the State's proof was that the defendant, after the fight had been broken off, shot the prosecuting witness five times. Nor did the court abuse its discretion in curtailing defense counsel's protracted voir dire examination of the prospective jurors or in permitting the prosecuting witness to be recalled in rebuttal.

It is finally argued that the court should have instructed the jury that an injured party's right of action arising from the commission of a felony is not merged in the felony, any damages still being recoverable in a civil action. There was no testimony that a civil action was in fact pending. The instruction would have been abstract and was properly refused. "It is well settled . . . that courts are not required to give instructions upon questions about which there is no evidence, and thus divert the minds of the jury from the real issues in the case." *Lomax v. State,* 165 Ark. 386, 264 S.W. 823 (1924).

Affirmed.

We agree. FOGLEMAN, ROY, and HICKMAN, JJ.